UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS T. ACORN, JEFFREY ACORN,

Plaintiffs,

v.

CITY OF SEATTLE, a municipal corporation, LIEUTENANT WILSKE, SEATTLE POLICE OFFICERS JOHN and JANE DOE 1-100, their spouses and the marital community composed thereof,

Defendants.

CASE NO. C05-0460C

ORDER

I. INTRODUCTION

This matter has come before the Court on Plaintiffs' motion for a protective order. (Dkt. No. 10.) Having carefully considered the papers filed in support of and in opposition to the motion, the Court has determined that no oral argument shall be necessary. Plaintiffs' motion is hereby DENIED.

II. BACKGROUND

This lawsuit arises out of incidents that occurred during anti-war demonstrations in March 2003. Plaintiff Nicholas Acorn, a high school student, was arrested. Defendants allege that he was arrested for urinating in public, more specifically, for having urinated on the federal building located at 700 Second Ave in Seattle, WA. Nicholas Acorn was later released into the custody of his father, apparently with a warning that Nicholas should not return to the protest.

Plaintiffs filed this suit alleging that Defendants' actions, including the arrest of Nicholas Acorn, are tortious and are violations of federal constitutional rights.

ORDER – 1

1  The subject of the instant dispute is Plaintiffs' obligation to respond to Defendants' discovery
2  requests. The City of Seattle served 7 interrogatories and 10 requests for production to each plaintiff.
3  Lieutenant Wilske served 18 interrogatories and 27 requests for production to each plaintiff. In addition,
4  Defendants served 75 and 76 requests for admission to Nicholas and Jeffrey Acorn, respectively.

5  III.  ANALYSIS

6  Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding
7  any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information
8  need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery
9  of admissible evidence." To temper the liberal scope of discovery, Rule 26(c) permits the Court to issue
10 an order to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense,"
11 if there is good cause for issuance of the order. The party seeking a protective discovery order must
12 show good cause for the order by demonstrating the harm or prejudice that will result from the discovery.
13 *Rivera v. Nibco*, 364 F.3d 1057, 1063 (9th Cir. 2004). That burden is a heavy one. *Blankenship v.*
14 *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

15 As a matter of law, Defendants' discovery requests fall within the limits set by the federal rules.
16 *See* Fed. R. Civ. P. 33(a) (limiting written interrogatories to 25, including subparts), 34 (not limiting
17 requests for productions) and 36 (not limiting requests for admission). In addition, Plaintiffs' assertion
18 that the discovery requests are overly burdensome is based on Plaintiffs' counsel's statement that
19 "[t]ypical Requests for Admission for a case of this size and complexity number perhaps a dozen." This
20 statement, true or not, is irrelevant. The law requires that a party seeking a protective order make a
21 showing of specific prejudice or harm. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.
22 1992). Plaintiffs have not done so. For these reasons, Plaintiffs' claims regarding the volume of
23 discovery requests are insufficient to support the entry of a protective order.

24 Plaintiffs also argue that the requests for admission impermissibly ask for conclusions of law. This

26 ORDER – 2

objection is not well taken. Rule 36(a) expressly provides for requests for admission involving mixed questions of law and fact. In any case, should Plaintiffs not wish to admit the proposition stated, they may simply so state in their response to the request for admission. In addition, Defendants have shown that the number of requests for admission is reasonable in light of the number of Plaintiffs' claims. The Court does not find that any of the requests for admission are made for harassing or gratuitous purposes. For these reasons, the Court finds that Defendants' requests for admission are permissible in scope, substance and numerosity.

Finally, Plaintiffs object that certain of Defendants' requests for production are overly burdensome. In particular, Plaintiffs object to a request for "copies of all witness statements, interviews or transcriptions with regard to Lieutenant Wilske taken by or from anyone at anytime." Plaintiffs take particular umbrage at the use of the language "by or from anyone at anytime." The Court finds that this language, construed with the language of Rule 34(a) in mind, reasonably requires Plaintiffs to produce all such items "which are in [Plaintiffs'] possession, custody or control." To the extent that Plaintiffs' objection is that they don't know of or could not identify all of these items that exist in the entire universe, the objection is spurious in light of the language of Rule 34(a).

Plaintiffs also object to a request for production encompassing Nicholas Acorn's W-2s from the last five years, pointing out that Nicholas Acorn most likely did not file a W-2 as a ten-year old. While Plaintiffs are probably correct, the proper way to respond to such a request for production is not to protest it in a motion but to respond with all the W-2s available and explain that W-2s are not available for the remaining years.

Plaintiffs' last objection is with respect to Defendants' request for photographs, audiotapes, and videotapes relating to Lieutenant Wilske. Again, read in conjunction with the language of Rule 34(a), this request is not overly burdensome. The Court does not find that counsel Richmond's former occupation as a video producer substantially affects Plaintiffs' ability to comply with this discovery

ORDER – 3

request. Presumably counsel Richmond's thousands of hours of video, produced prior to his occupation as an attorney, did not contain much footage of Lieutenant Wilske. For these reasons, the Court finds that Plaintiffs have made no showing of the specific harm or prejudice needed to justify entry of a protective order with respect to this request.

For all the foregoing reasons, the Court finds that Plaintiffs have not made any showing of harm or prejudice with respect to any of Defendants' discovery requests. Therefore, Plaintiffs' motion for a protective order must be DENIED.

Defendants' response requests that Defendants be awarded fees for the expenses incurred in opposing Plaintiffs' motion for a protective order. Rule 37(a)(4)(A) provides that an award of sanctions may be denied where such an award would be unjust. In the case at bar, the Court does not find that Plaintiffs' behavior with regard to this motion warrants the imposition of sanctions. The Court also takes note of Plaintiffs' limited means. In light of these facts, the Court does not find that an award of sanctions on the first occasion of incomplete discovery response would be just. Therefore, Defendants' motion for sanctions is DENIED.

IV. CONCLUSION

In accordance with the foregoing, Plaintiffs' motion for a protective order is hereby DENIED. Defendants' motion for sanctions is also DENIED.

In addition, Plaintiffs are admonished to ensure that the format of their submissions to the Court comply with Local Rule CR 10. In particular, Plaintiffs are directed to ensure that submissions are double-spaced.

SO ORDERED this <u>12th</u> day of August, 2005.

_[signature]_
UNITED STATES DISTRICT JUDGE

ORDER – 4