The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICHOLAS T. ACORN and JEFFREY ACORN,

Plaintiffs,

v.

CITY OF SEATTLE, a municipal corporation;
LIEUTENANT WILSKE; and SEATTLE POLICE
OFFICERS JOHN and JANE DOE 1-100, their
spouses and the marital community composed thereof,

Defendants.

CASE NO. C05-0460C

ORDER

This matter has come before the Court on Plaintiffs' motion for a Rule 56(f) continuance of

Defendants' motion for summary judgment.  For the following reasons, the motion is DENIED.

Fed. R. Civ. P. 56(f) provides, in relevant part, that

[s]hould it appear from the affidavits of a party opposing [a summary judgment motion]
that the party cannot for reasons stated present by affidavit facts essential to justify the
party's opposition, the court . . . may order a continuance to permit affidavits to be obtained
or depositions to be taken or discovery to be had.

The Ninth Circuit has further clarified how this rule should operate: "To prevail under this Rule, parties

opposing a motion for summary judgment must make (a) a timely application which (b) specifically

identifies (c) relevant information, (d) where there is some basis for believing that the information

sought actually exists." *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*,

ORDER - 1

353 F.3d 1125, 1129 (2004) (citing *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986). In addition, "[t]he burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence exists, and that it would preclude summary judgment." *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).

Here, Plaintiffs have failed to show how the discovery they propose would preclude summary judgment in favor of Defendants. Plaintiffs' request for a continuance states:

> Defendants have withheld discovery agreed to, and even after Plaintiffs agreed to a protective order that was then signed by the court, have failed to turn over the agreed to non-redacted versions of key documents obstructing the discovery process.

> Plaintiffs intend to conduct follow-up discovery and to schedule depositions, and these will shed light on this situation essential to responding to a summary judgment motion.

(Pls.' Resp. 4–5.)

These statements neither specify what information is contained in these documents nor how Plaintiffs expect the information to refute Defendants' arguments in their summary judgment motion. For these reasons, Plaintiffs' motion for a continuance for the purpose of obtaining more discovery is hereby DENIED.

In an abundance of caution, however, the Court will allow Plaintiffs to file a substantive opposition to Defendants' motion. Plaintiffs' opposition shall be due May 22, 2006. Defendants' reply to this opposition, if any, shall be due May 26, 2006. Defendants' motion for summary judgment (Dkt. No. 32) is hereby re-noted for consideration on May 26, 2006.

SO ORDERED this 8th day of May, 2006.

UNITED STATES DISTRICT JUDGE

ORDER - 2